Good morning, your honors, and may it please the court. This appeal presents two fundamental questions. The first is whether this court has appellate jurisdiction to hear and decide the case. And the second is whether, if it does, whether it should grant dismissal on one of the grounds that we've presented. We respectfully submit that the answer to both questions is yes. Beginning first with appellate jurisdiction, the first question that arises is whether the president's absolute immunity was effectively denied when discovery commenced. Under this court's cases in Jenkins and Nero, as well as the Supreme Court's decision in Iqbal, it was effectively denied. The point of absolute immunity is to make sure that the officer, here the president of the United States, is not subject to pretrial proceedings before an adjudication of his entitlement to immunity is heard. It wasn't in Nero and Jenkins, the record more clear that the district court was not going to rule compared to this case where the district court had not ruled. Admittedly, it allowed discovery. I understand your point on that. But it said it was going to rule. It is more clear. You can't get clearer than some of those cases, those two included, where a court says, I'm not going to rule or mistakenly understood how, in those cases, qualified immunity worked at a different era in that jurisprudence. But Iqbal rounds out our answer and I think decisively resolves the question. There, the parties pleaded with the Supreme Court not to decide the issue with respect to Attorney General Ashcroft because the district court could do this case management thing and not start discovery against him while discovery against other officers proceeded. And the Supreme Court said, in Justice Kennedy's opinion, that is not an acceptable result because that puts the defendant there, Attorney General Ashcroft, here the President, to an impossible choice. And I will say it was an impossible choice. Let me ask you this. I know there are some technical arguments to be made, but it looks to me like Maryland and the district have stated they are not prosecuting this claim. They don't want to prosecute this claim. They've abandoned it. And they argued, again, on appeal in this matter, that they're not prosecuting it. Your argument, obviously, is that their dismissal was filed after the notice of appeal and there's ineffective. But that still doesn't address the fact that they're not prosecuting this case and are dropping, essentially, the claim against the President in individual capacity. If that is, in fact, true, if that is actually their opinion, and they confirm that here, why should we litigate issues about something that the plaintiff is no longer seeking to prosecute? I think it's a fair concern. And let me explain to you why we've chosen this course and why we think it is appropriate for the court to hear it. That is because of the nature of the way they've sought to dismiss us, meaning without prejudice, under Rule 41A1, creates a huge concern for the President of the United States that he could be drawn back into this dispute at a later date after all of these issues of absolute immunity and the stay it requires. Yeah, but if they did that, you have a bunch of remedies. The rules provide remedies about refiling. You may have to get court permission. Also, at that point, immunity would be asserted immediately and would be subject to an immediate appeal, especially if there was ongoing proceedings. It's true. Those are all discretionary under Rule 15 and 21. I mean, here, your best argument for getting this up on appeal, I think, is the court's discovery order, which basically is contrary to an immunity status. And while it's very amorphous to say, well, the court didn't decide it, how long do you have to wait? But when the court then issues an affirmative order directing that discovery take place, especially discovery of all his personal assets, it seems to me then he loses the benefit of his immunity in that regard. We agree with that entirely. But if I could just conclude that. Now, they'll argue that, oh, the discovery is on the official, in its official capacity, but except all the discovery, not all of it, but a lot of the discovery is discovery of his personal assets. It's very heavily loaded. That's true, and it's worse than that, because not only that, if you just think about it from our perspective as a legal team, there are going to be depositions that are going to occur. What is that? Are we going to attend and take questions? Is there going to be two cases in which, whenever the district court gets to absolute immunity? One of the 38 subpoenas out? I believe so. Those are just for documents. He hasn't even gotten a deposition yet. But if I could answer your question, Your Honor, about them abandoning their case, because I do think this is fundamental. Even if the court thought, well, if they try to bring you back into this case, you could object under Rule 15 or Rule 21. They could bring this case in the District of Columbia and start us all over again. Virginia, which has filed an amicus brief in this case, suggesting that it has concerns about its hotels, could file a new suit in the Eastern District of Virginia. What the President is entitled to... But you don't get any benefit. I mean, the State of New York can sue you. The only persons being bound, if it were with prejudice, would be Maryland and the District. Oh, but Your Honor, with respect, I get a preclusive judgment in this circuit. If this court were to hold either absolute immunity, or standing, or no cause of action, or no zone of interest, or no claim on the merits, or on any of them, we have a preclusive judgment in this circuit that would stop Virginia from bringing a case in the Eastern District of Virginia. It would stop these parties from bringing it back here again. And I think it would also get quite a lot of respect in the D.C. courts. Aren't you concerned about the suit being filed again, or the cause of action being filed again? I want to be sure I have the record right. Wasn't it the District Court who asked about the possibility of dismissing without prejudice? It was. So the same judge that suggested to the parties, if you're going to dismiss it, for whatever reason he thought it should be dismissed for, to do it, maybe do it without prejudice, that would be the same judge who would decide whether or not they could refile, is that correct? It would be. And you say no matter what the rules say, the real world is the judge that raised the question of dismissing without prejudice is the same judge who will decide whether or not they can bring that action again. It would be the same judge. And we would make those arguments, and we expect that we would be heard fairly in his courtroom. But those are discretionary judgments. You don't think he would win them. You don't think he would win those. But they are discretionary, as the Court knows. Trying to appeal being brought into a case under the abuse of discretion standard is quite different than where we are today. Where we are today is we have a notice of appeal that's been filed. Why wouldn't you get the benefit of the, if the states have failed to demonstrate standing in the claim against the President in his official capacity, why wouldn't, it's the same lawsuit, why don't you get the benefit of that ruling? We would, and they would get the benefit of ours. Yeah, but that's one of the arguments, though, you're making for us trying to take jurisdiction of this claim where they are basically saying they don't want to prosecute it. In other words, if this claim is withdrawn, abandoned, it seems to me any benefit, if you get the benefit of a ruling, it'll be a benefit against the President's official capacity. So I think where I'm respectfully seeing it differently is the difference between withdrawing and abandoning. They are not the same thing. They are withdrawing. There is no indication they are abandoning. If they were abandoning, if they were saying, we would dismiss this case with prejudice, never to come back again, and we would not sue you in the District of Columbia, never to come back again, I would have a harder argument here. I would have a more difficult time explaining to this court. We'll ask them what they, they can think about it, but we'll ask them when they come up with their position on that. We sure will ask. But I still think, and there is a preclusive value to the court, it has jurisdiction. Under Rule 42, an appellee cannot unilaterally dismiss their own case. I think we know that's clear from the face of the rule. Well, it's not so clear. If you want to get into the rules, the rules, even the jurisdiction aspect of it, where the appeal deprives the district court of jurisdiction, it doesn't necessarily deny a party from filing a paper, which is self-operative. In other words, it takes power away from the district court to act, and the district court could not act after the notice of appeal was being filed. I do think there's a good argument to suggest, especially when the notice of appeal is filed and there's no order from which it's being filed. So there are cases that suggest that this word self-executing has a meaning that I think rhetorically has gotten ahead of where the rule actually is. I don't even have to speculate beyond this case. We have a secondary argument about whether this is a proper 41A of an action. Now, who is going to decide that question? If they are correct about the force and effect of a Rule 41A 1A dismissal, it evaporates our case. That can't be right. There are a litany of cases that we've read and some that this court has written deciding whether Rule 41A allows for the dismissal of an action versus a party. Those cases were heard by some. Well, actually, you've actually taken the step a little bit harsh to your own position. It seems to me the cases are plenty of cases to suggest that you can dismiss all the claims against a party under 41, that it's being treated as an action because each party is treated individually even though they're jointly. What the cases do seem to say, though, is that you cannot dismiss claims against a party under 41A reserve claims. In this case, we have one defendant. We have the president. There's a claim. This is trying to dismiss a claim. It's not dismissing a party. As a consequence, it probably pretty clearly does not fit under 41A for that reason. But they've categorically said they don't want to prosecute and are not pursuing that case. Your biggest fear is that that's just an overture to take it off the table now and to bring it back later. Yes, and my friends can speak for themselves, but the district court said, why don't you think about dismissing under 41A1A without prejudice? And then they went ahead and dismissed without prejudice. Parties know how to abandon their claims. In no case have I ever participated. Is that a signal that it is gone forever? Just let me ask, does it not appear that the court is sort of directing the individual capacity action? Didn't the court suggest it to the other side? That is my understanding. And as I remember, they sort of said, well, we know what we're doing. We have an official capacity. We think that's enough. So it looks to me that the district court sort of suggested an individual capacity suit. I think I may know why because of some supplemental briefs or amicus briefs that suggested there might be an issue of jurisdiction or relief. Maybe that's why. But then the district court came back later and suggested how to get it out of this case at least temporarily. That is a correct understanding of the course of events. And, of course, part of our frustration and one of the reasons why we're in this court now is we were never heard by the district court. We would have made all of these points at the district court and would look a lot more like Jenkins and Nero. But I think Iqbal solves that question. And because we are here now, we do think the court has jurisdiction and it should decide the issues that are presented, first and foremost of which is Article III standing. And as Judge Niemeyer pointed out, if there is no Article III standing in this case, both cases go away. And we think it's quite clear that the plaintiff's lack of Article III standing. Is there some way that the official capacity suit might be dispensed with that will still leave you at risk in the individual capacity? There are, depending on how the court... You don't want to say out loud what they are, though. I'd rather not. But I think on the cause of action line, there are some subtle differences. As Your Honor pointed out, it gets a little bit fuzzy there. And, of course, absolute immunity has only been raised in our case and not theirs. So the point is, notwithstanding what they may have suggested they want to do, your argument is looking at what they've actually done, as directed or suggested by the court, that there's a possibility you will still be at risk in individual capacity, notwithstanding what we might do on the official capacity suit. Depending on the grounds of the court. That's what I'm saying, depending on what we do. Yes, if the court deals with Article III on the official capacity side or the merits itself, I think all would agree that our case gets disposed with it. Anything else, I think, would have to read the opinion to know for sure. Let me ask you, that leads to a more fundamental question. You've asserted absolute immunity against the President. Of course, that immunity would attach with respect to the President as a President. And the question, I suppose, is if he holds assets, personal assets, in violation of the Constitution, or is receiving the monuments in violation of the Constitution, is he immune from that? That's no official action in receiving it, except he's receiving it while he's President. Right, this is, we believe, understand individual capacity suits to depend on official action just as much as an official capacity suit. And I understand that sounds a strange way to say it, but that is what the Supreme Court has made clear. Both? Well, maybe they can't sue him in his official, individual capacity, simply because it requires the element of being, he being President, which is an official office. And he's receiving, as an official, he's receiving the monuments. But I don't think, I think your absolute immunity issue is a very tough one in this context. It's just like the discovery. They seem to be thinking that the discovery is related to the official capacity. But I can't see a discovery being any different for both capacities. I mean, they're looking at all his assets. They've subpoenaed corporations and they've subpoenaed, they want the flow of money coming from all these to the government. They want all government interactions for applications for various things. It's for the businesses. None of these, at least the depositions and the discovery when it comes to his private enterprises, has anything to do with what he's doing in the office. It's not like he sort of stayed out of that. So we agree that the discovery is intrusive from whatever perspective the court is, whether it's official or individual. I mean, we don't have two lawsuits here. We have, the way it's come up to us is procedurally complex. But we have one complaint, one lawsuit and one complaint with two counts, one suing the President in his official capacity and the other suing the President in his individual capacity. And as a consequence, the Department of Justice is representing him in his official capacity and has filed a petition for writ of mandamus. You're representing him in his individual capacity and it has different issues. That's why we're arguing it different, but it's still the same lawsuit. It is, and it is very, very, you know, all tied up together. It is a very tricky issue. I don't disagree. And, of course, there's a third issue, which I think some of the questions have gotten to, which is there's also a private Donald Trump. And I think the problem with their case is they think that an individual capacity sued against a President is the same thing as suing a private individual, and it is not. The anonymous clause only covers the President. So any lawsuit against, under that clause, which we think is, that never gets out of the starting gate for maybe seven different reasons, still has to be against the President. And maybe they recognize that. Maybe that's why they're saying the case. They've argued that it's moot, haven't they? They've argued it's moot because of their dismissal, which then takes us back to the Rule 41 issues that I've talked about previously. But I don't disagree that the absolute immunity question is a big issue. We're talking about presidential absolute immunity. We have two big cases. We have Nixon versus Fitzgerald on the one end. Well, I guess what I'm asking is a little bigger question, a broader question, is whether any of this makes any difference. Because we have heard arguments, and if the President is to succeed on the first matter, there's no threat to another suit without refiling in this individual capacity. As you point out, the claim has to be against the President as a President receiving the monuments. But it's dangerous to make any kinds of statements like this without having thought them through in some kind of an opinion. The issues come at you from different sides in this case. They do, and there's a lot of puzzle pieces here. And before we see them all, it's very hard to know what benefits we would draw on the individual side from the official. But the one issue, well, one of the two issues that covers both cases clearly is Article III standing. And in whichever lawsuit this Court deems it appropriate to proceed, whether it be through the mandamus posture there or the collateral order here, they are without Article III standing to sue the President. But you're concerned on how we resolve it. Notwithstanding everything you heard from us, you're concerned that your client as an individual is still at risk under the way the case is at least framed up right now. Potentially. Right. Potentially. Well, I said he's still at risk. Yes. He is still at risk until we would resolve it in a way that makes it clear he's not at risk. Isn't that right? That is correct. And you might, maybe you're concerned that the way we would resolve it might not answer the questions clearly enough for other litigants and for the district judge who would get the case. That is correct. And a clear ruling. But the ruling we could make, unless we do some dancing, the only ruling we could make in this context is the immunity because otherwise we have an interlocutory appeal. And the immunity arguably is appealable based on the discovery order, but is standing or the cause of action business, I'm not sure, you have to argue that that's intertwined with the immunity defense and I'm not sure it's sufficiently intertwined that we could even rule on it in this aspect. So I think of all the different issues beyond absolute immunity, standing is the easiest one for me to hopefully convince you that you can because it's under Steele Company from the Supreme Court. I understand, but the Steele Company case basically said you have to address the power of the court to act. But in this case, the only way you get up here is through an interlocutory order denying immunity. That's right. And that is true in lots of cases where you're on the side of the law. Do we have cases where the appeal was on the basis of immunity and jurisdiction was addressed? Hansen versus Williams, yes, Your Honor, which we cited in our papers. Was that absolute immunity or qualified immunity? It was qualified, but for these purposes, I don't think it matters. Both secured their appeal through the collateral order doctrine. Both were up on whatever merits questions they might have had under qualified immunity versus absolute here. But before the panel could reach any of those questions, it had to assure itself that the district court had Article III jurisdiction in the first place. And what Steele Company says is the first two questions, any court of appeals has to ask itself in any case of any kind. One, do we have appellate jurisdiction? Two, did the district court have subject matter jurisdiction? That is a bright line. Nothing comes to court. But the court went on to explain it's not... Jurisdiction is used many ways by Congress and by the courts up until Steele Company. And Steele Company really wanted to articulate the difference and talk about jurisdiction going to the power of the court to act. And, of course, we have a federal question and we have all kinds of... Okay, I understand. Let me ask you, you like the standing because you think that's easier or is no cause of action more absolute? There's no cause of action, so nobody has standing or there may be a cause of action. We don't have to decide that. But these parties don't have standing. It's a fair question. It's easier in some senses, harder in the other. So the absence of a cause of action is quite clear here. This is an attempt to end run the limitations Bivens places and trying to import from the official side things that never get imported to the individual side. Well, you said standing, Article III standing was the easiest way to do it. It is procedurally easier because I don't think there's much doubt that it can be reached before absolute immunity. I think to Judge Niemeyer's question, you have to get into this line of cases about whether it's cause of action is inextricably intertwined with our absolute immunity appeal to reach that issue. So I guess... But under that approach, then, the ruling that you would seek would say other people who would like to fight the president on this can battle another day on the cause of action and their standing. In some other circuit. It sounds like you're saying the standing is more intertwined under that issue. You're not necessarily saying it's an easier issue to reach the result of, but just in terms of the interrelatedness to the immunity, it's cleaner. That's right. The merit case from the Second Circuit, I think, goes through this issue quite in depth and we agree with its analysis entirely. I would say I do not think standing is very hard, though. I think there's no parent's patriarch against the federal government. That goes away. The competitive claims that Judge Niemeyer pointed out are wildly speculative and, again, I will agree with Judge Niemeyer. I do not understand their quasi-sovereign immunity argument. By the way, on the competitive claims, it's not argued anywhere, but I would think there are a lot of people who come to D.C. to protest this president and I guarantee you not a one of them stays in Trump buildings. I mean, I don't know, but I would think they probably bring business to the other hotels. There is that concern. That Trump is maybe driving business to the convention center and to the other hotels, maybe. The answer is we don't know because this entire thing is based on speculation upon speculation and it is not rooted in ordinary economic logic. But it's not much of a speculation to guess that people are coming to D.C. to protest President Trump or not signing up for rooms in his hotel. That does sound right. I do think, though, that- In the broader sense. In the broader sense, the competitive standing doctrine is not about cases like this. It's about where you have an obvious opening of- John, may I finish the- No, let's just finish your thought. Obvious floodgates open and there are major dynamic forces in the market that obviously hurt a particular party. There's no evidence of that here. All right, thank you. All right, who are we hearing? Ms. Toole today? Thank you. Good morning, Your Honor. Your colleague all tired out now? Get reinforcements. We have boundless energy, Your Honor. Good. Lay a tool in for the District of Columbia in Maryland. Your Honor, my colleague and I agree what the issues- We agree on what the issues presented in this appeal are. There are two questions before this court. The first is whether this court has appellate jurisdiction, and the second is whether any of the issues that the President has raised should be addressed by this court. Unsurprisingly, perhaps we disagree because our answer to both questions is no. Well, let me just start from the beginning and just get you into the problem, and then you can maybe help solve the problem. With respect to your dismissal, you dismissed simply a claim against a party as opposed to dismissing a party. And 41 talks about dismissal of an action, and the courts have- many courts, and including Wright and Miller, have indicated that that includes the dismissal of a party so long as it's all the claims against that party. But I don't know of a case where 41 covers the dismissal of a claim against the single party. The better way to do that, of course, is under Rule 15 or maybe Rule 21, but not under 41. So that's one problem. The second problem is that there was an appeal taken before you filed yours, and you have to figure out whether that divests you of acting, and you say, well, it's self-operating. And you maybe have a point there. I don't know. But then you basically say the whole thing is moot because you don't want to prosecute him in his official capacity, and I'm most curious about your side's position on what you intend with the claim against the president in his individual capacity. Is that intended to be permanent, or is this just playing games so you can bring it up a later day? Your Honor, let me first respond to your question or your point about Rule 41 applying to claims versus parties. Respectfully, I agree that the Rule 41 cases talk about dismissing all claims against a particular defendant. It has to be because the rule uses the word action, and an action is traditionally thought of as the whole lawsuit. And so the only way you can justify dismissing just a party is the whole lawsuit against that party. But I'm quite confident that we would be breaking very new ground if we were to say 41 applied to the dismissal of claims against a single party. I agree with that, Your Honor. Where I respectfully disagree is your premise that this is a dismissal of a claim against a party as opposed to the dismissal of an entire action against a different party. And what I would point to in that regard is this Court's decision. You mean the president is two parties? In Brooks v. Arthur, this Court talked about that, yes, when you bring an action, an official capacity action and an individual capacity action are different parties for these purposes. It's a different aspect of a party, but it's the same party. We're going to redefine the word party now to split human beings down the middle? I mean, it sounds Solomonic. But that is the result not of the Bible. All right, let's move on to something else. I don't think that's a good debate right now. Let's assume you've indicated your intent to dismiss the claim. Now, why didn't the Notice of Appeal dislodge or preclude that from taking place? For two reasons, Your Honor. My friend suggested that the language in cases talking about a Rule 41 dismissal being self-executing, that was a suggestion. That is a holding from this Court and many other courts. There's no question about that. And the reasoning and the principles in those cases apply with equal force, regardless of the filing of a Notice of Appeal. As Your Honor pointed out, the only cases that the defendant cites to are general cases about the district court's jurisdiction to act in the face of a Notice of Appeal. But the Rule 41 cases make it very clear that no action by the district court is required and no action by the district court is permitted. Well, why don't you answer the question then. What is your side's intent with respect to suing the President in his individual capacity? You have indicated you don't want to pursue the claim. You have stated it's moot. Is that a procedural gamesmanship or is that intended to be the final position of your side? It's certainly not intended to be procedural gamesmanship. Are you finished with him, yes or no? Just answer that. Just to make it easy, can you say to us that you do not plan to, you are not going to sue him in the individual capacity? Can you say that now? We do not plan to. However, Your Honor, we do not consent to a dismissal with prejudice because there's no basis for that under the federal rules at this point. I'm not asking with prejudice. I'm asking whether your intent is permanent. I mean, you're abandoning that claim. Our intent is permanent under the strictures of the federal rules. We have no intention of bringing back the President in his individual capacity, and that is because we believe that the official capacity suit is the proper suit in this circumstance. So why did you sue him individually? We explained in our motion to amend. I'm asking you. Out of an abundance of caution and prompted by questioning by the district court. The court suggested that you think about doing that. The court raised questions during oral argument that led us. And then the court suggested that you dismiss it? Respectfully, Your Honor, I disagree with that characterization. Well, didn't he say, file or brief me on whether you can dismiss it and dismiss it? He asked the parties to address those questions. He certainly didn't suggest that we should do that. I know that, and then what did you do after that suggestion? We filed a Rule 41 notice, which is our unfettered right under the federal rules. But you're saying, although the court asked you, didn't direct you, shortly thereafter in litigation, you followed up on that approach and did that. Does that not look like the district court is somehow involved in guiding this? I am certainly not going to impute any motives to the district court. That would be inappropriate. I didn't ask you to. I didn't ask you to. I said, doesn't that look like that? He raised, by the way, don't you have complete confidence in the Attorney Generals of D.C. and Maryland to draft and litigate their own actions the way they want to? Absolutely, and under the federal rules, we were permitted, under Rule 15, we sought leave of court to amend our complaint, and then also consistent with the federal rules. Maybe I misread the record, but it was fairly clear to me at the suggestion of filing in individual capacity as well, there was a suggestion by one of the two parties on this side that you're comfortable, what you just said, you're comfortable that the official capacity lawsuit would get what you needed and that was what you were trying to do. Did I misread something? No, and respectfully, Your Honor, the record speaks for itself. I know it speaks for itself, but I ask you, is that what happened? That is what happened, and as Judge Niemeyer pointed out, in a case like this where you have a party saying, we don't intend to litigate this claim, it would be the epitome of an advisory opinion for the court then to reach any of the questions that the President has asked you to reach, and that goes back to the two questions that are presented by this court. There's a clear order of operations that this court needs to follow as it looks to how to dispose of the appeal. I know this, but the other side of what's happened, the other side looks at what happened. I think you agree with the record as I outlined it. You take issue with whether he directed it. I don't mean he didn't tell you to move to dismiss. He said brief me on whether or not that could be done, basically, correct? That's correct. Dismissed without prejudice. And they see that you objected a little bit to his suggestion of adding individual, and then shortly after he suggests you brief him, you do without prejudice. You moved it to dismiss. I would say they probably feel a little at risk, and I know I would, if in fact, I know the Judge Nehmeyer maybe feels more comfortable with it, but what is wrong with this? Either you making the representation or you doing something to end that part of the lawsuit with prejudice. So we know and they know that part's over, and we only have to deal with the official capacity. We hear you saying it would be all, but why don't you just say it, represent to us that that's where you are. Why not do that? Because we're not required to under the federal rules. I didn't ask you. I didn't say if you're required. I said why wouldn't you do it in light of where we are, the posture of this case, which is kind of convoluted, I think everybody would agree. And if that's your intention, why not just state it, and then we can push that off the table and go on with the official capacity? Respectfully, Your Honor, what you're asking me is to answer questions about our litigation strategy, and I represent a client. I can't disclose attorney-client privilege communications. I know this, and let me say, and let me say, and your answer I think says a lot, that what it says is you want to keep on the table in discussions, private discussions with the client, the possibility of pursuing that individual claim. You can do that. You can do that and keep that. I'm just asking, and it's clear to me that you want to keep that option on the table. That's correct, isn't it? The federal? Now I'm not asking what the federal rules allow. No, I'm saying what you would like to keep that in the posture of this case as a potential, something you could pursue. We don't believe that there's any basis under the federal rules or this court's jurisdiction. Hold it now. You, I think it's, if we have to write on this, I think it's clear your Rule 41 dismissal was ineffective. It did not dismiss, you dismissed claims by filing an amended complaint. And sure, you can do that with self-operation too because there's no answer that's been filed and no summary judgment motion's been filed. But you cannot dismiss a claim under a rule that says you can only dismiss an action. And so if you really press that point, that's ineffective. Now let's assume, just for the purpose of discussion, if that was an ineffective dismissal, where does that place you? Where that places us is that the court then has to ask still, what is the basis for our jurisdiction? There is no jurisdiction under the collateral. Well, the basis for the jurisdiction, if they haven't dismissed it, is that they're asserting immunity and the court's not recognizing it. Immunity is not only immunity from judgment, but it's immunity from suit and from discovery. The court was asked several times to rule on the motion and it didn't. Seven months. And then it orders discovery. And now everybody's going to have to sit down in depositions. They're going to have to answer questions. And this claim is hanging there. And so they argue, hold it. We don't want to go forward. We don't know what the answer is to whether we're in our individual capacity. We've asserted immunity. Nobody's decided immunity. And now they're making us go forward. And the question is, that is a traditional role for interlocutory appeal under the collateral order doctrine based on the discovery order. Well, respectfully, Your Honor, the defendant has not based his appeal on the discovery order. He's based his appeal on the fact that the court did not decide his immunity issue. On what he calls an effective denial of his immunity claim. Right. And that court is denying it when it orders discovery. Well, my friend conceded that this is different from the two cases from this court that he relies on. But he referred to a Supreme Court case that maybe there's some differences, maybe there's not. But there's really no question that we do have jurisdiction on an immunity question. And there's authority for the notion that if the district court allows discovery to go ahead, that that implicates. I understand the argument. But and then if that's allowed, we have, I believe, jurisdiction for any issues that are intertwined with the immunity question. So if you if you lose on the rule 41 dismissal, you know, I understand your argument that it's not the same as Nero and Jenkins. But, you know, there's a compelling argument to the other side of that. And in a case like this where you have a party standing before you saying we don't intend to litigate this claim, but you reach out and address something as opposed to saying we don't have an order from the district. I think that's very persuasive. You know, when you say we don't intend to file this claim, you dismiss it. It sounds like you're abandoning the claim because you don't find it useful and not meritorious or whatever. And that may be a good judgment. The lingering problem, the lingering problem is your unwillingness to make it any way permanent, because that is the lingering problem that the president has. That everybody was talking without prejudice, without prejudice. And as a consequence, that means you can file again. And that's what they're worried about. And now tell me how we allay their fear. Well, Judge Niemeyer, you yourself addressed this with my colleague. If we were to bring this claim back, we would have to do so under Rule 15. That is a discretionary judgment. We would have to show that we were entitled to. At that point, the defendant can raise all of his claims based on futility, based on all of the other arguments. In addition, even Rule 41 itself says that under Rule 41D, if a party seeks to bring the same action against the same defendant, then the district court can require the plaintiff to pay the costs of the previously dismissed action. Rule 21, likewise. So the fisc of the state of Maryland is fairly deep. And they go and say, we'll pay that cost. We want to sue the president. And we would still have to meet the bar of Rule 15 and the futility doctrine. And all of these questions about that. And there are remedies. But the real rub on this whole aspect of the case, this whole appeal and the motion dismissed, the rub is the president's fear. We should not be hearing this based on what I'm hearing. But the president's rub, and he may have a point, is he don't want it pulled out of the game now and then reinserted later. You're right, Your Honor. He was very clear that what he wants is a preclusive judgment. And there is no basis under Article III. He filed a motion to dismiss. He's entitled to a ruling on his motion to dismiss. And that's going to be preclusive. And if we had filed in the absence of this appeal from a non-order on that, if we had filed our Rule 41 notice in the absence of a notice of appeal, this court's precedence would be absolutely clear that he would not be entitled to that. Because the filing of a motion to dismiss... You would have to file a Rule 15 motion amended complaint. You could not file a motion to dismiss. Assuming that this court disagrees that Rule 41 permits dismissal of an entire action against the defendant... No, not an action. A claim. It's one count of this complaint. This complaint has a count characterized, a claim against the president in his individual capacity. And you want to dismiss that. That is not the whole action against the president. Respectfully, Your Honor, I would point this court before it rules on that issue to Brooks v. Arthur 626 F. 3rd 194 from this court in 2010. And it very clearly discusses whether or not an official capacity and individual capacity defendants are the same party. If I may... I want to clarify just one last time. When you say we do not intend... I want to be sure we're all on the same sheet. When you say we do not intend to pursue this, the way you understand do not intend does not preclude pursuing it. Although there are hurdles you may have to jump through. But we understand that terminology. We do not intend does not preclude pursuing it. We seek to reserve our right under the federal rules to a dismissal without prejudice. You don't answer my question. So when you say we do not intend, you're using those words to mean but we don't preclude pursuing it if that's what we decide in talking to our clients. Is that correct? If we... Can you tell me a yes or no to that? Saying I do not intend doesn't preclude you from pursuing it. Because a dismissal without prejudice would reserve that right for us. Yes or no? We do not intend. I know. Does that mean you then... I'm asking the way you're using that word. Does that mean we are not thereby precluded from pursuing it if that's what we decide to do? Yes, we are not willing to accept a dismissal with prejudice based on no basis for that. Why do you keep talking about with prejudice without? The judge shed is asking you about your intent as a lawyer and representing a party. Forget the rules. You have said you do not intend to refile it and he's saying using that language, you are reserving the right to refile it if your discussion with your client say so. Yes. I'd also like to address the question about what else, if the court concludes that there is jurisdiction, what else is on the table beyond immunity? And respectfully, the cases make clear that the court can reach immunity first and it should reach immunity first. And my friend relies on Steele Co. for the proposition that standing must come first. And that is... Well, Steele Co. basically says whether it's raised or not, a court always has to assure itself of its subject matter jurisdiction. And what the Supreme Court in Senechem International made clear is that that rule applies if the court is going to issue a judgment on the merits. And that has been made clear in Senechem. It's also been made clear in Tenet v. Doe, another Supreme Court case, that made clear that this court has leeway to choose among threshold grounds for denying audience to a case on the merits. That are on a jurisdictional level. And immunity is, I suppose, on that same level. In fact, what those cases stand for is the proposition that non-jurisdictional issues can precede any consideration of jurisdictional issues. And that's consistent with what this court did in Antrocan v. Odom, where there was a sovereign immunity claim raised. And there's a whole host of questions about what is jurisdictional and how that word is used. But what this court did is say there's no sovereign immunity against this Ex Parte Young action. Which, by the way, going back to the previous argument, is an example of an Ex Parte Young action bringing an affirmative claim that state officials were denying the plaintiffs the right to medical care under the Medicaid Act. So it's a clear example showing that there's no limitation on Ex Parte Young or the federal analog to that for affirmative claims as opposed to defenses to enforcement actions. But what this court did was say it agreed with the district court, there's no sovereign immunity, and it expressly said that we're not going to consider standing or the other jurisdictional questions that have been raised. And that preceded these cases. What if the president were able to get a ruling that there's no standing in his official capacity? That would end the whole suit, wouldn't it? Well, respectfully, our position is that this part of the suit should go away. I understand. You're not totally convincing, though, on that. Well, we agree, we certainly agree, that the standing issues raised in both cases are the same. But our position with respect to addressing standing in this particular circumstance is that it would be inconsistent with the collateral order doctrine. It's not required by Steele Co. In fact, it is very clearly not required after Sinechem and Tenet. And it would provide an end run around the mandamus where the DOJ hasn't even really argued that standing is the right way to address the issues in that case for good reason. And so to reach out and decide standing in this case where we're saying we're not prosecuting this case, that's the epitome of an advisory opinion. But there's authority. But I don't have the cases at my fingertips with Bivens' actions when immunity issues are taken up, and whether there's a cause of action in the first place is deemed sufficiently intertwined with that claim. I know there's some situations where it's not, but we have something close to that here, don't we? I don't agree with that, Your Honor. The argument that any of the issues that the President has raised are inextricably intertwined, I think, fail quite clearly. The inextricably intertwined test basically is, are these questions coextensive on the facts and the law? The question about what the, and it's with regard to what's properly before the court, the immunity question, if this court disagrees that it's properly before the court. The immunity question here is about whether or not there's an official act. I'm happy to explain why there is no absolute immunity in this case. But that asks whether this is an official act. It's not an official act. It's a constitutionally prohibited act, and it was constitutionally prohibited precisely because the framers were concerned about the effect that it would have. What do you think you gained when you added the individual suit claim to this action, you know, the cause of action in this individual capacity? What do you think that netted you? Respectfully, Your Honor, I personally standing here don't believe it added anything because I think that the official capacity claim is correct. As I said before, we had the right to do so. You think that we courts don't have enough words in front of us and you want to put some more in front of us? I mean, it looked to me, I know you're trying to be a little bit delicate in how you phrase it. You felt that official capacity was completely sufficient for this lawsuit, didn't you? That's correct. Yeah, and you added individual, but you, do I understand, you don't think it adds anything to the suit? I do not think it is necessary to proceed with this suit. I didn't say that. It didn't add anything to the suit. Did it add anything to the suit in your opinion? It didn't. Okay. If I can finish Your Honor's question about whether it's inextricably intertwined, the facts about whether or not there's an official act here are, in fact, the absolute immunity claim in our judgment is a legal question. Sorry, are you representing in that statement, are you representing both D.C. and Maryland? I'm representing D.C. and Maryland in everything that I said. D.C. and Maryland thought adding individual added zero to the suit. I'm representing D.C. and Maryland respectfully. When I answered that question, I was speaking for myself. Well, can anybody speak for D.C. and Maryland? Well, the client, what we have, D.C. and Maryland's position is that we were entitled to seek to add a claim under Rule 15, that we did so with the court's leave, without objection by the Department of Justice. That's not responsive to my question of what does it add to the suit. Does it add anything to the suit or to any potential remedy? You can't speak for D.C. and Maryland on that point? That is addressed in our papers on the motion to dismiss. Well, just say it. Well, just say what it is. D.C. and Maryland say adding the individual cause of action or claim adds nothing to this lawsuit. That's your position? You said this in the papers. I just must have missed it. So, the position that we have taken that it is a proper claim, the individual capacity suit. That's not the answer to my question, though. I'm asking, listen, it's fairly straightforward. You don't want to answer it for some reason. I'm not trying to trick you. D.C. and Maryland, do they think that adding the individual claim adds anything whatsoever to this lawsuit as far as declaratory relief, injunctive relief, or remedy? Your Honor, the reason that I am not trying to be coy, but I am drawing the line at answering questions that would require me to disclose attorney-client communications. I got you. So, they haven't stated any position publicly on that? The position that we've stated publicly is in our motion to amend. On the question that I asked, have they stated anything publicly? It's not a trick question. If they haven't, they haven't. I'm just asking you. Our motion to amend explains that the reason that we sought to add the claim was out of an abundance of caution and prompted by district court questioning. I got you. That doesn't answer my question. I've read that in your paper. I'm asking you a different question. If you don't want to answer it for various reasons, that's fine. Respectfully, we don't believe that there is jurisdiction under the collateral order doctrine. But even if this court disagrees, there is no reason for the court to reach out and decide issues in a case that we have evidenced no intent to pursue. And you think, and there hasn't been a whole lot of discussion on this, but your position on the immunity is that there's no immunity because it's your client's position that this is not an official act of the president. I have three reasons that it's not, that there's no immunity here. That is the first. This is not an official act within the outer perimeter of the president's authority as defined or explained in Nixon. It is a constitutionally prohibited act that was prohibited precisely because the framers were concerned about how accepting emoluments would impact official acts. The second is it's not a damages claim, and all of the immunity cases talk about damages. The third is that the concerns animating the immunity decisions, both in the common law immunity, absolute immunity decisions, and in Nixon versus Fitzgerald, which adds the additional separation of powers layer, aren't at issue here. Those principles are about making sure that an executive or a member of an official can properly exercise their discretion without concern about personal liability going forward and about getting into the inner workings or the discretion exercised by the executive branch. Those are not at issue here. If it's an emolument, the president can't accept it. If it's not, he can, if there are no further questions. Thank you. All right. Mr. Consovoy. Thank you, Your Honor. You didn't file a petition for writ of mandamus, did you, as a backup? We did not. We filed a notice of appeal. We cited, Your Honor, the district court's discovery order in the notice of appeal. I understand, but from time to time I've seen these interlocutory orders backed up with the petition for writ of mandamus. In other words, if we don't have jurisdiction, and the argument would be there's no order, 1291 and 1292 refer to decisions or orders. And there is an exception when somebody fails to act, but there's no decision on that except implicit in the discovery order. Right. And so it's possible we could have also gotten suspended with mandamus. We didn't think it was necessary. All right. Of course, there is a mandamus petition before the court. We think the grounds are meritorious. And to answer Judge Shedd's question from earlier more directly, we think many, if not most of the grounds in the official capacity, including that the president's not subject to suit, can be reached in that case, can be reached in this case under Tenet v. Doe, which my friend cited. And so I don't think these vehicle issues will end up, hopefully at the end of the day, mattering most of all. But I would like to emphasize that after the court's questioning, I think we still have deep concerns about the intentions of the District of Columbia in Maryland with respect to the termination of this suit. My friend said that this claim added nothing. Yet, for seven months, we tried to pursue an argument in court. They did not join us in urging the court to hear those claims. The only time that we received a response from either our friends. It sounds like the court was doing something beyond just responding to the parties. The court sort of questioned about the individual capacity prompting the filing of the claim. And then the court sends this very peculiar thing, what do you think about my dismissing without prejudice the individual claim? This is after you'd asked three times. Yes. What do you take these two acts by the district court to mean? I do hesitate to try to read the mind of the district court. I take the district court at its word on its basis. What do you think the motive for asking whether he could dismiss without prejudice the individual claim? I think the court was genuinely interested in whether that was a way of resolving the dispute short of reaching absolute immunity. I take that as from the face of the order that this may be a way. You mean he didn't want to decide the issue? He invited it and then didn't want to decide it? I am not in a position to know what I do know. I'm responding to your speculation on that. I don't mean to speculate. I'm simply taking it when the court asked the question. It was in the context of us asking for a stint member. This all arose after two things happened. We filed a notice of appeal and we saw a stay in the district court of all proceedings pending a resolution of our absolute immunity claim. It was at that juncture that everything happened. That was when the district court issued the question to the parties. And that is when our friends, who had a claim that they thought added nothing from the beginning, became responsive to us and dismissed it. Chronologically, what happened at the time or shortly before the court suggested filing an individual capacity? Wasn't there an amicus brief filed suggesting that the president couldn't be held liable in his official capacity? Do I remember that? There was an amicus brief filed to that. There was briefing on that. I don't know if that was in the amicus brief or in a motion for argument. That information was put in front of the judge on that. And I believe the same people who filed that amicus brief also agreed in their brief in this court that we should win here as well, that there's no basis for suit against him in his individual capacity. But I'm not asking about the substance. I'm asking about, I know you being a very fine lawyer, which you are, and you don't want to say anything. But isn't it a little bit, Judge Niemeyer asked the question, I'm going to put my spin on it, it looks a little bit odd. They say it adds nothing to the case. They say it, basically, they say official capacity is enough. We had it right from the get-go. Adding this doesn't mean anything. But the court suggests that they think about it, and then they do it out of an abundance of caution and in response to the court, or whatever words they use. I don't mean to slight them. And doesn't that look like, for some reason, the court suggested that the litigants need to look at adding individual capacity to this suit. And then at the end, he suggests a way to get that individual capacity. Suggest, I don't mean he's told them what to do. But he queried on the point that led to their action. Does that not give rise to some suggestion that it's kind of a, let me say, quirky way to proceed? May I respond? Please. It is not the normal way in the case I've participated in before. That said, courts, in all sorts of cases, raise questions to parties. Parties respond to them. I think my friends are responsible for the choices they made, that those choices led to this appeal. We believe we're entitled to dismiss it. All right. Thank you. We'll come down and greet counsel and take a short recess.
judges: Paul V. Niemeyer, A. Marvin Quattlebaum Jr., Dennis W. Shedd